# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>        Plaintiff,<br><br>   v.<br><br>J. TERCERO,<br><br>        Defendant. | Case No. 1:14-cv-02065-AWI-DLB PC<br><br>ORDER DISMISSING ACTION AND DENYING ALL PENDING MOTIONS AS MOOT<br><br>(Doc. Nos. 2, 3) |

      Plaintiff Raymond George Glass ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.

      Plaintiff filed this action on December 24, 2014. Plaintiff did not file his action on a complaint form, but rather captioned his pleading as a "Notice of Removal." Though it is not entirely clear due to Plaintiff's superfluous writing, it appears as though he is attempting to remove a state tort action filed in the Kings County Superior Court.

      According to Plaintiff's exhibits, he filed an action against Defendant J. Tercero in Kings County Superior Court on December 31, 2013. He alleged that Defendant interfered with his ability to process his inmate health care appeals. The court *sua sponte* dismissed the action on June 3, 2014, finding that Plaintiff's appeals were not rejected in violation of the applicable regulations. ECF No. 1-1, at 98.

1  Plaintiff's exhibits also include a letter from the Fifth District Court of Appeal, dated October 9, 2014, indicating that Plaintiff's appeal had been dismissed for failure to follow the court's directives.

**DISCUSSION**

This action must be dismissed for numerous reasons. Procedurally, only a defendant can remove an action to this Court. 28 U.S.C. § 1441. Plaintiff purports to remove a closed action to this Court, but he cannot do so. He also argues that the state courts "refuse to allow this non-frivolous suit to move forward, in unlawful protection of the defendant herein," and he seeks to remove the action on this basis. ECF No. 1, at 6. Not only is disagreement with a state court decision *not* grounds for removal, but this Court does not have jurisdiction in a civil rights action to review a state court's findings.

More importantly, Plaintiff has accrued "three strikes" under 28 U.S.C. 1915(g), and he is therefore subject to the imminent danger requirement.[1] Andrews v. Cervantes, 493 F.3d 1047, 1055-56 (9th Cir. 2007). Under 1915(g), an inmate with three strikes may proceed in forma pauperis only where he faces imminent danger of serious physical injury at the time the complaint was filed. Andrews, 493 F.3d at 1055-56.

Plaintiff has filed a motion to proceed in forma pauperis. However, under any set of facts that the Court can glean from his filings, he was not under imminent danger of serious physical injury at the time he filed this action. Certainly, even if cognizable, disagreement with the state court's rulings would not qualify as an exception under 1915(g). To the extent that Plaintiff raises issues related to Defendant Tercero's alleged failure to process his health care appeals, the events occurred between October 2012 and December 2012. ECF No. 1-1, at 99.

///
///
///

---

[1] The Court takes judicial notice of the following United States District Court cases: Glass v. White, 1:09-cv-01687-GSA (E.D. Cal.) (dismissed on September 15, 2011, for failure to state a claim; no appeal filed); Glass v. Pimentel, 1:11-cv-00119-GSA (E.D. Cal.) (dismissed on March 22, 2011, as frivolous; no appeal filed); Glass v. Pimentel, 1:11-cv-00429-OWW-SMS (E.D. Cal.) (dismissed on March 21, 2011, as frivolous; no appeal filed); Glass v. White, 1:09-cv-01245-MJS (E.D. Cal.) (dismissed on March 2, 2011, for failure to state a claim; no appeal filed); Glass v. Goodrick-Reynaga, 1:09-cv-02109 JLT (E.D. Cal.) (dismissed on December 16, 2010, for failure to state a claim; no appeal filed).

**ORDER**

For the above reasons, this action is DISMISSED.  All pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   January 12, 2015

SENIOR  DISTRICT  JUDGE